ORIGINAL

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS**

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

AUG 2 5 2006

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | |
|---|---|
| RICHARD A. CHICHAKLI, )<br><br>Plaintiff, )<br><br>v. )<br><br>ADAM SZUBIN, Director, Office of Foreign )<br>Assets Control of the United States Department )<br>of the Treasury, in his official capacity; HENRY )<br>PAULSON, JR., Secretary, United States )<br>Department of the Treasury, in his official )<br>capacity; CONDOLEEZZA RICE, Secretary of )<br>State of the United States, in her official )<br>capacity; and OFFICE OF FOREIGN ASSETS )<br>CONTROL, )<br><br>Defendants. ) | **3-06CV1546-N**<br><br>Case No. _____<br>3523<br><br>**COMPLAINT** |

## COMPLAINT

Plaintiff, Richard A. Chichakli, by and for his Complaint in the above-captioned matter, states as follows:

### PRELIMINARY STATEMENT

1.    This action challenges Defendants' actions under Executive Order 13348 ("Blocking Property of Certain Persons and Prohibiting the Importation of Certain Goods from Liberia")(the "Order") and the International Emergency Economic Powers Act (the "IEEPA") because they violate Plaintiff's rights under the Constitution of the United States and the Administrative Procedures Act (the "APA").

### JURISDICTION AND VENUE

2.    This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1346(a)(2).

COMPLAINT – Page 1

3.     Plaintiff's claims for declaratory relief, damages and other relief are authorized by 28 U.S.C.§§ 2201 and 2202 and by Rule 57 of the Federal Rules of Civil Procedure.

4.     This Court authority to award costs and attorneys' fees under 28 U.S.C. § 2412 and 5 U.S.C. § 504.

5.     Venue is proper in this district under 28 U.S.C. § 1391(e)(2) because it is the district in which a substantial part of the events or omissions giving rise to the claim occurred and in which a substantial part of property that is the subject of the action is situated.

## PARTIES

6.     Plaintiff Richard A. Chichakli ("Chichakli") is an individual United States citizen and licensed certified public accountant residing in Richardson, Texas.

7.     Defendant Adam Szubin is the Director of the Office of Foreign Assets Control, United States Department of the Treasury ("OFAC"), and is the ultimate authority at OFAC with respect to actions taken under the Order and the IEEPA.  Defendant Szubin is sued in his official capacity.

8.     Defendant Henry Paulson, Jr. is the Secretary of the United States Department of the Treasury and, in that capacity, has ultimate authority over OFAC and its actions taken under the Order and the IEEPA.  Defendant Paulson is sued in his official capacity.

9.     Defendant Condoleezza Rice is the Secretary of State of the United States and, in that capacity, is the person ultimately responsible for consulting with OFAC in taking actions pursuant to the Order.  Defendant Rice is sued in her official capacity.

10.     Defendant OFAC is the agency which determined to designate Chichakli as a Specially Designated Name under the Order and to block all of his property pursuant to such designation.

COMPLAINT – Page 2

## FACTUAL ALLEGATIONS

11.    Pursuant to the authority granted by the IEEPA and due to the ongoing strife in Liberia, on July 22, 2004, President Bush issued the Order, which declared a national emergency and blocked the assets of the persons listed in the Annex to the Order. One of the persons listed on the Annex was Viktor Bout. The Order blocked the assets of all persons determined by the Secretary of the Treasury, in consultation with the Secretary of State.

12.    The Order blocked the assets of all persons determined by the Secretary of the Treasury, in consultation with the Secretary of State:

...

(C)    to have materially assisted, sponsored, or provided financial, material, or technological support for, or goods or services in support of, the unlawful depletion of Liberian resources, the removal of Liberian resources from that country, and the secreting of Liberian funds and property by any person whose property and interests in property are blocked pursuant to this order; or

(D)    to be owned or controlled by, or acting or purporting to act for or on behalf of, directly or indirectly, any person whose property are blocked pursuant to this order.

13.    The Order of July 22, 2004 was directed at the former Liberian president, Charles Taylor, and other persons for their unlawful depletion of Liberian resources and undermining Liberia's transition to democracy. It stated that the illicit trade in round logs and timber products was linked to the proliferation of and trafficking of illegal arms. In 2005, the Liberian people elected a new president that stopped the depletion of the round logs and timber products (the UN has lifted sanctions on such products, see attached "Exhibit A") and Charles Taylor is in prison in the Netherlands awaiting trial for his criminal acts.

COMPLAINT – Page 3

14.    On April 26, 2005, at 06:00 hours, agents of OFAC, the Federal Bureau of Investigation, Internal Revenue Service, US Customs, ICE, CID, U.S. Military Intelligence, and others together raided Chichakli's home and office and his employee's home.  Upon conclusion of the raid at 13:00 hours, , agents of OFAC provided Chichakli a copy of a Blocking Notice, informing him of his identification as a Specially Designated National pursuant to the Order and his inclusion on the list of persons already subject to the sanctions imposed by the Presidential Order.  A search warrant was presented for the home located at 225 Syracuse Place in Richardson, Texas and for Chichakli's office; while the second home located at 2625 Van Buren, Plano, Texas was entered and searched without a warrant and property was seized by the FBI from all three locations.  Property was seized at Chichakli's second residence without a search warrant.

15.    Upon conclusion of the raid, agents of OFAC provided to Chichakli a copy of a Special Designation and Blocking Memorandum which stated the basis for the designation of Chichakli and three (3) other individuals and thirty (30) companies that OPAC had determined, in consultation with the Secretary of State, that there was reason to believe that Chichakli and the other individuals and the companies and entities:

(a)    are owned or controlled by, or acting or purporting to act for or on behalf of, directly or indirectly, a person whose property and interests in property are blocked pursuant to [the Order], namely Viktor Bout; and/or (b) have materially assisted, sponsored, or provided financial, material, or technological support for, or goods or services in support of, the unlawful depletion of Liberian resources, the removal of Liberian resources from that country, and the secreting of Liberian funds and property by any person whose property and interests in property are blocked pursuant to the Order, or

(c) are owned or controlled by, or act for or on behalf of, persons designated in or pursuant to the Order, and therefore are designated as Specially Designated Names ("SDNs").

16.    Among the companies designated were several companies controlled or affiliated with Chichakli. They are:

(a)    Richard A. Chichakli, P.C., a Texas professional corporation. This is the entity through which Chichakli conducted his public accountancy practice.

(b)    Chichakli & Associates, PLLC, a Texas professional limited liability company. This is the entity through which Chichakli, along with two partners, formerly conducted a public accounting practice prior to 2004.

(c)    Daytona Pools, Inc., a Texas corporation. This was a company through which Chichakli, along with his former wife, was to conduct a swimming pool cleaning service. Although the company still has a legal existence, it conducts no operations and has no assets.

(d)    DHH Enterprises, Inc., a Texas corporation. This is an entity through which Chichakli intended to conduct a diamond import and wholesale business. The company made one purchase of a quantity of diamonds, but was unable to re-sell them on a wholesale basis. The majority of the diamonds were in Chichakli's office safe at the time of the raid (discussed below).

(e)    I B of America Holdings, Inc., a Texas corporation. Although the company still has a legal existence, it conducts no operations and has no assets.

(f)    Orient Star Corporation, a Texas corporation, d/b/a Orient Star Aviation.

COMPLAINT – Page 5

(g)     SAN Air General Trading, LLC, a limited liability company organized under the laws of the United Arab Emirates.  This company applied and obtained authority to transact business in the State of Texas, and withdrew from Texas in 2002.  The company conducts no operations outside the United States.

(h)     Trans Aviation Global Group, Inc., a Texas corporation.

(i)     Airbas Transportation, Inc., a Texas corporation.

(j)     Continue Professional Education, Inc., a Texas corporation.

(k)     Gulf Motor Sales, Inc., a Texas corporation.

17.     Also on April 26, 2005, the Office of Public Affairs of OFAC issued a press release announcing that the Department of the Treasury had identified 30 companies and four individuals linked to Viktor Bout.

## CAUSES OF ACTION

**First Cause of Action – Violation of the Fifth Amendment to the Constitution of the United States – Deprivation of Property without Substantive Due Process**

Defendants violated Plaintiff's due process rights by:

(a)     failing to provide Plaintiff any notice of any kind that he was under investigation or that his property or properties in his possession would be blocked;

(b)     failing to provide Plaintiff with any evidence that would support the blocking of his property or properties;

(c)     failing to provide Plaintiff with any consideration or opportunity to present, at least in written form, any evidence to rebut any proposition that Defendants may have had in any way to justify blocking his property;

(d)     failing to provide Plaintiff adequate notice and adequate opportunity to be heard or present evidence before a neutral decision maker; and

COMPLAINT – Page 6

(e)    failing to provide Plaintiff an opportunity to present, at least in written form, such evidence as he may have been able to produce to rebut any administrative record or otherwise negate the proposition that he was the financial officer of Viktor Bout or a business associate of Viktor Bout and his organizations.

**Second Cause of Action – Violation of the Fifth Amendment of the Constitution of
The United States – Taking Clause**

Defendants blocking and seizure of Plaintiff's property and the attempted destruction of his property constitutes taking of Plaintiff's property without just compensation coming in violation of the Taking Clause of the Fifth Amendment of the United States Constitution.

Defendants violation of Plaintiff's rights under the Fifth Amendment Taking Clause has harmed and is continuing to seriously harm him.

The International Emergency Economic Powers Act (IEEPA) provides that the President may "block during the pendency of an investigation ...." Plaintiff was blocked in April of 2005, approximately 16 months ago. Blocking in the manner in which OFAC has proceeded in this case over such a period of time constitutes a taking and a violation of the Fifth Amendment to the Constitution.

**Third Cause of Action – Violation of the Administrative Procedures Act**

Defendants action in its arbitrary, capricious, and abusive discretion or otherwise not in accordance with law, is unsupported by substantial evidence, and unwarranted by the facts.

The Defendants:

(a)    destroyed the CPA (accounting) business of the Plaintiff by locking and sealing his office and cutting off the telephones;

(b)    notified the Texas Accountancy Department to void Plaintiff's license to practice;

(c)    seized and are secreting properties without an accounting; and

COMPLAINT – Page 7

(d)    are attempting to destroy Plaintiff's real property holdings and continue to do so; and

(e)    have forced the sale of properties.

**Fourth Cause of Action – There is No Unusual and Extraordinary Threat**

The law provides the President with the power to block assets during the pendency of an investigation where there is an unusual and extraordinary threat. OFAC has discretionary authority to block assets when there is such a threat. After taking no action for sixteen months against Plaintiff, OFAC contends they are still investigating. Plaintiff says with the exiled president of Liberia, Charles Taylor, in prison, a newly elected president of Liberia and no illegal cutting of timber, there is no need for further investigation or blocking the assets of Plaintiff. There is no unusual and extraordinary threat to the country concerning Liberia.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1.    Declare unlawful Defendants' naming of Chichakli as a specially designated national ("SDN").

2.    Order Defendants to remove Chichakli's name as a specially designated national.

3.    Unblock the seizure of Chichakli's assets that resulted from such designation.

4.    Award Plaintiff fees and costs pursuant to 28 U.S.C. § 2412.

5.    Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

CLAY C. SCOTT, JR.
Attorney for Plaintiff
Texas Bar No. 17921000
7501 Inwood Road
Dallas, Texas 75209
(214) 358-0341
Facsimile (214) 358-2851

Case 3:06-cv-01546-N    Document 1    Filed 08/25/06    Page 10 of 12    PageID 10

Yahoo!  My Yahoo!  Mail

Search
the Web

**YAHOO!** NEWS  **Sign In**
New User? Sign Up

Ne

Home    U.S.    Business    World    Entertainment    Sports    Tech    Politics    Science    Health    Travel    Most P(

Middle East    Europe    Latin America    Africa    Asia    Canada    Australia/Antarctica    Kevin Sites

Search: |                                    | All News & Blogs    Search   Advanced

# Timber sanctions against Liberia lifted



**Add headlines to your
personalized My Yahoo! page**
(About My Yahoo! and RSS)

World - AP Africa
MY YAHOO!

United Nations
MY YAHOO!   RSS

World - Africa
MY YAHOO!   RSS

» More News Feeds

**NEWS ALERTS**

Get an alert when there
are new stories about:

☐ U.N. Security Council

Add Selected Alerts

» More Alerts

**ELSEWHERE ON THE WEB**

**CNN.COM**
Taylor goes to The Hague for
trial

**CNN.COM**
Missing soldiers reportedly
found dead

**ABC NEWS**
U.S. Military Deaths in Iraq --
2006

By EDITH M. LEDERER, Associated Press Writer
2 hours, 20 minutes ago

UNITED NATIONS - The **U.N. Security Council**    voted unanimously Tuesday
sanctions against Liberia to help spur economic growth in one of Africa's poorest
said it will review the decision in 90 days.

Unless Liberia has adopted legislation
on forestry reforms by that time, the
council said it will reinstate the
sanctions.

The council decided to maintain
sanctions on Liberian diamond exports
for six months but said it will review the
measures in four months to give the
government time to establish an
international program to certify the
origin of the country's gems.

The Security Council imposed arms
and diamond embargoes on Liberia in
May 2001 to stop government
revenues from those industries from
being used to fuel civil war. A new ban on the timber trade took effect in July 20(
six-month extension of the diamond and timber sanctions expired Tuesday.

ADVERTISEMENT

Plan your getaway now

Search Yahoo! Travel

Flights | Hotels | Cars | Vacations | Cruises | Tc

Liberian President Ellen Johnson Sirleaf argued in a May 24 letter to the council
sanctions limiting the trade of arms, timber, and diamonds — and restricting the ·
designated individuals — were stunting the country's economy and were no long

She said the government would not be able to fight poverty effectively without the
economically significant diamond and timber industries.

But a recent report to the Security Council by a panel of experts, obtained by The
Press, concluded timber and diamond sanctions were generally effective and "ha
stabilize the situation in Liberia." It indicated they should be continued.

"While it is true that the U.N. sanctions on timber and diamond exports may have
disincentive for significant new investment in post-war Liberia, most of the key in
Liberia's timber and diamond sectors were also friends of former president (Chai
and key players in the civil conflict," the report said.

*Exh. A*

Timber sanctions against Liberia lifted - Yahoo! News                Page 2 of 3

Case 3:06-cv-01546-N     Document 1     Filed 08/25/06     Page 11 of 12     PageID 11



THE PERFECT DIGITAL CAMERA HERE --> <--
Tips, news, and more
YAHOO! TECH

The Security Council approved sanctions after determining that Taylor had helpec Sierra Leone fight the government there. Taylor fled into exile in Nigeria in Augus paving the way for elections which Sirleaf won. He was arrested in late March anc custody of a U.N.-backed war crimes court facing charges of crimes against hum

The panel of experts backed the government's planned reforms of the timber indu it more transparent, prevent illegal logging, and ensure the revenue is not used fc conflict.

Sirleaf inherited one of the world's poorest countries, battered by back-to-back ci\ 1989 to 2003 that left 200,000 people dead and 3 million scattered abroad.

**KEVIN SITES IN THE HOT ZONE**



**So much at stake**
Sri Lanka's growing violence shatters more than lives.

**Email Story      IM Story      Discuss      Printable View**

**RECOMMEND THIS STORY**
Recommend It                    Average (0 votes)
                               ☆☆☆☆☆        » Recommended Stories

## Full Coverage: Liberia

**FULL COVERAGE**



**Conflict in Iraq**
Get the latest Iraq news, analysis, photos, and video.

» More Iraq Coverage

**OFF THE WIRES**

Liberia's Taylor arrives in The Hague for war crimes trial AFP, 1 hour. 1 minute ago

Taylor arrives in Netherlands for trial AP. 1 hour, 44 minutes ago

**FEATURE ARTICLES**

Q&A: Trying Charles Taylor  at BBC

Liberia's Taylor fuelled gruesome civi at home and abroad  AFP via Yahoo! N( 15

**COMMENTARY**

 

**Opinion and editorials**
Diverse views on news from the right, left, and center

» All Opinion

**NEWS STORIES**

Charles Taylor leaves for trial ▦ at BBC, Jun 20

Council Agrees to Shift Trial of Liberia's Ex-Leader ▦ at The New York Times (reg. req'd), Jun 17

**OPINION & EDITORIALS**

African Pillagers ▦ at The Washington F req'd), Apr 23

Keep the peace or seek swift justice? Christian Science Monitor, Apr 12

THE WEEK IN PHOTOS JUNE 9-15

## World News

Iraqi: Soldiers killed in 'barbaric way' AP

Key figure in al-Qaida in Iraq killed AP

N. Korea asserts right to missile tests AP

Israeli airstrike kills teen, 2 children AP

Strong waves batter Central American coast AP

## Most Viewed - World

Iraqi: Soldiers killed in 'barbaric way'

N. Korea asserts right to missile tests

Taylor arrives in Netherlands for trial

Strong waves batter Central America AP

Mercado looks for liberal votes in Me

**Search:** [                    ] All News & Blogs ▼ [Search] Advanced          Yahoo! - My Y;

Home | U.S | Business | World | Entertainment | Sports | Tech | Politics | Science | Health | Travel | Most Popular | Odd New

Copyright © 2006 The Associated Press. All rights reserved. The information contained in the AP News report may not be publishe rewritten or redistributed without the prior written authority of The Associated Press.

JS 44 (Rev 11/04)

**CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Chichakli, Richard A.

**DEFENDANTS**
Szubin, Adam- OFAC; Paulson, Henry, Jr., Secretary of Treasury; Rice, Condoleezza - Secretary of State; OFAC

**(b)** County of Residence of First Listed Plaintiff    **Dallas**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE.  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Scott, Clay C., Jr.    (214) 358-0341
7501 Inwood Rd., Dallas, TX 75209

Attorneys (If Known)
**3-06 CV 1546 - N**

**II. BASIS OF JURISDICTION**    (Place an "X" in One Box Only)

☐ 1  U.S Government Plaintiff

☐ 3  Federal Question (U.S Government Not a Party)

☒ 2  U.S Government Defendant

☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 340 Marine | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | / ☐ 530 General | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | | | |
| | ☒ 440 Other Civil Rights / ☐ 555 Prison Condition | | | |

**V. ORIGIN** (Place an "X" in One Box Only)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
5th amendment violations - Due process and taking
Brief description of cause:  stop blocking of assets

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ Attorney Fees
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

**VIII. RELATED CASE(S) IF ANY**
(See instructions).
JUDGE _____    DOCKET NUMBER _____

DATE  8/25/06

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____